## W. E. THOMAS v. PIEDMONT REALTY AND DEVELOPMENT COMPANY ET AL.

(Filed 9 May, 1928.)

**1. Principal and Agent—Compensation of Agent for Services Rendered—Quasi Contracts.**

Where, at the request of the owner, a real estate agent begins negotiations for the lease of his building, which is finally successfully concluded by the concurring efforts of them both, the agent is entitled to a reasonable compensation for the value of the services he has rendered.

**2. Same—Evidence of Reasonable Value.**

> In relation to the question of the value of the services rendered, under the facts of this case; it is *Held*, competent, in the absence of a special contract fixing the amount, to show in evidence a schedule of commissions of the board of real estate men in that locality, with evidence of its reasonableness, when the jury's consideration thereof is properly confined to the question of reasonable value. *Trust Co. v. Goode,* 164 N. C., 20, cited and distinguished.

**3. Interest—Time and Computation—Time from which Interest on Judgment for Services Rendered Runs.**

> When a real estate man is entitled to recover a reasonable amount for his services rendered in securing a tenant for a building, the sum fixed by the verdict will, as a matter of law, draw interest from the time the same was due and payable. C. S., 2309.

APPEAL by defendant from *McRae, Special Judge,* at September Term, 1927, of MECKLENBURG. No error.

Action to recover of defendant reasonable compensation for services rendered by plaintiff, as a real estate broker, in procuring a lease for certain real estate owned by defendant.

The issue submitted to the jury was answered as follows: "What amount, if any, is the plaintiff entitled to recover of the Piedmont Realty and Development Company (now the Cutter Realty Company)? Answer: $11,850.00."

From the judgment on the verdict that plaintiff recover of defendant the sum of eleven thousand eight hundred and fifty dollars ($11,850), with interest from 5 June, 1925, defendant appealed to the Supreme Court.

*Cansler & Cansler and John M. Robinson for plaintiff.*
*Pharr, Bell & Pharr and Thomas C. Guthrie for defendant.*

CONNOR, J. On or about 5 June, 1925, and for some years prior thereto, defendant was the owner of certain real estate situate on North Tryon Street, in the city of Charlotte, N. C., at Sixth Street. This real estate, together with a building to be erected thereon, and to be used by the lessee as a theatre, was leased by defendant for a term of years, at annual rentals, aggregating for the term the sum of $790,000.00. The lease was the result of negotiations between the parties which had extended through several months. The lessee, a corporation, is a non-resident of this State; it had been interested in the lease by the plaintiff, who is engaged in business in the city of Charlotte, as a real estate broker. The negotiations which resulted in the lease were conducted partly by the plaintiff, as a broker, and partly by the parties themselves.

Two questions of fact are involved in the issue submitted by the court to the jury. First: Is defendant liable to plaintiff for services rendered

by him in procuring the lease, as alleged in the complaint? Second: If so, what sum is a reasonable compensation for such services? Both these questions, as appears by the verdict, were answered by the jury in accordance with the contentions of plaintiff. The verdict is supported by the evidence offered at the trial, and admitted by the court. The judgment must, therefore, be affirmed, unless there was error, as contended by defendant, upon its appeal to this Court, in the admission of evidence, or with respect to instructions by the court to the jury, or in the judgment upon the verdict as signed by the judge presiding.

There was evidence in support of the contention of plaintiff that he opened and conducted, at least in part, the negotiations which resulted in the lease. Plaintiff, as a witness in his own behalf, so testified. J. H. Cutter, president of defendant company, as a witness in its behalf, testified that when he learned that the negotiations, which plaintiff had been conducting for a lease of the Burwell-Harris property, as a site for a theatre, had been unsuccessful, he sent for plaintiff, and requested him to ascertain if the proposed lessee would be interested in defendant's property, situate on the opposite side of the street from the Burwell-Harris property, as a site for the proposed theatre. In consequence of this request plaintiff wrote to the proposed lessee, and thus opened the negotiations which resulted in the lease. Plaintiff kept in touch with the negotiations, from time to time, by correspondence and otherwise, and was instrumental in procuring the lease.

During the progress of the negotiations and before the lease was executed, the question arose as to which of the parties, the lessor or the lessee, should pay plaintiff for his services. The proposed lessee declined to assume any liability to plaintiff for his services as broker, insisting that defendant as lessor should pay for such services. Plaintiff testified that at one time, Mr. Cutter, acting for the defendant, stated that he would not pay for such services, but that subsequently he called plaintiff to his office, and said that if he closed the deal, the defendant would pay plaintiff's commission. In a letter addressed to plaintiff, dated 5 May, 1925, relative to his claim for compensation for his services in the matter, defendant said: "While we might be willing to allow a moderate sum for the limited service rendered, yet this is all that we would do." An arbitration is suggested in this letter. The negotiations were thereafter closed by the execution of the lease.

It is well settled that a landowner, who has requested a real estate broker to undertake the sale or lease of his property, and who thereafter accepts the result of services rendered by the broker, in response to the request, is liable, in the absence of a special contract, for the reasonable value of the services. *Dorsey v. Corbett,* 190 N. C., 783; *Crowell v. Parker,* 171 N. C., 392. In the latter case, after a number of citations,

*Walker, J.,* says: "It is undoubtedly true, as decided in those cases, that a principal cannot take the benefit of his broker's services and refuse to pay for them." There was evidence in the instant case, from which the jury could find, not only that defendant accepted the services rendered by the plaintiff, but also that these services were rendered at the request of defendant.

Defendant excepted to evidence offered by plaintiff, and admitted by the court, over defendant's objections, tending to show that considering the character and extent of the services rendered by plaintiff, and the amount to be received by defendant, by the terms of the lease, a commission of one and one-half (1½) per cent on the aggregate amount of the annual rentals, for the term of the lease, was a reasonable compensation for his services. Assignments of error based upon these exceptions cannot be sustained. Plaintiff did not allege or contend that he was entitled to recover a definite sum as commissions, because of a custom in the city of Charlotte, with respect to sales or leases on real estate, procured by brokers. The decision in *Penland v. Ingle,* 138 N. C., 457, is therefore not an authority supporting defendant's assignments of error with respect to the admission of evidence tending to show the schedule of commissions established by the real estate board of the city of Charlotte. This evidence was offered and admitted as tending to show only what sum was a reasonable compensation for plaintiff's services as a broker. It was competent for that purpose, as the jury was instructed by the court, both at the time the evidence was offered and again in the charge. The court in its charge expressly instructed the jury that the defendant was not bound by the rules of the Charlotte Real Estate Board, and that they should consider these rules only as evidence tending to show what sum was a reasonable commission for plaintiff's services in procuring the lease.

Defendant's assignments of error based upon exceptions to the refusal of the court to give certain instructions as requested, and also to certain instructions. as given in the charge, present the same question as that presented by its exceptions to the admission of evidence. These assignments of error cannot be sustained. The refusal of the court to give the instructions requested, and the instructions as given in the charge are supported by *Trust Co. v. Goode,* 164 N. C., 20. In that case, this Court quotes with approval from *Hoadley v. Bank,* 71 Conn., 599, 44 L. R. A., 321, as follows: "When an owner places land with a real estate broker for sale, he agrees, in the absence of any special contract, to pay the customary commissions or brokerage, in case a sale is consummated with a purchaser who was led to begin the negotiations through the intervention of the broker." Where there is evidence, as there was in the instant case, that the customary commissions were reasonable, the jury may con-

sider such customary commissions in determining what sum is a reasonable compensation for services rendered in the absence of a special contract. In the absence of evidence that the customary commissions are reasonable, they would not be competent upon an issue involving only reasonable compensation for services rendered.

In the instant case, the services were completed when the lease was procured. Defendant's prayers for instructions based upon its contention that the commissions should be based upon the rental to be received for the first year of the term only, or upon the present cash value of the aggregate sum to be received by the defendant, under the lease, were properly refused. The decision in *Thomas v. Gwyn,* 131 N. C., 460, does not support assignments of error based upon exceptions to such refusal for the reason that the contract under which the services were rendered by plaintiff in the instant case is essentially different in its terms from the contract in that case.

Defendant assigns as error the inclusion of interest from 5 June, 1925, in the judgment, for that the jury found that the plaintiff is entitled to recover the sum of eleven thousand eight hundred and fifty dollars ($11,850), without including interest on said sum. This sum is due, by contract, and under C. S., 2309, bears interest from the date on which it was due. All the evidence shows that the services of plaintiff were completed prior to 5 June, 1925, and that demand for payment was made prior to said date. There was no error in the judgment with respect to interest. *Bryant v. Lumber Co.,* 192 N. C., 607; *Perry v. Norton,* 182 N. C., 585; *Croom v. Lumber Co.,* 182 N. C., 217; *Chatham v. Realty Co.,* 174 N. C., 671. The judgment is affirmed. We find

No error.