■ PHILIP D. BRENT, Respondent, v. HARVEY KEESLER, Appellant. (And 10 Other Actions.) — In 11 consolidated actions by an attorney at law to recover fees for professional services rendered, the appeal is from an order of the Supreme Court, Westchester County, entered October 15, 1968, denying appellants' motion to vacate the judgments which had been entered separately in favor of plaintiff in each of the 11 actions upon jury verdicts on the *quantum meruit* causes of action. Order reversed, on the law, without costs, and motion *remanded to the Justice who presided at the trial of the actions for the purposes hereinafter mentioned.* The findings of fact below have not been affirmed. The motion, designed to challenge the computations of interest in the judgments, was not passed on by the Trial Justice; and the trial record was not submitted to the Justice who made the order under review. The trial record, therefore, is not before this court upon the instant appeal. We are

uninformed by facts of record, as to whether plaintiff ever made demands for payment upon each of his 11 causes of action in *quantum meruit,* and as to the dates of such demands, if made. We are also uninformed as to whether such demands, if made, antedated the completion of the professional services in question. We are further uninformed as to whether the jury was charged in any manner on the subject of interest. We are told only that the verdicts did not mention the subject of interest and consisted of lump sum awards. In addition, from the papers on hand, we note that in nine of the actions there are deviations between the dates from which interest was demanded in the complaints and the dates inserted in the judgments as the dates from which interest was computed. Whether the judgment dates were the dates on which plaintiff concluded his services or the dates on which he made demands for payment does not appear. The assertion in plaintiff's present brief that there was no dispute on the trial as to the dates his services were completed is of no present help in fixing the dates from which interest should be calculated, since that position was not fortified by plaintiff's compliance, contemporaneously with the entry of judgment, with the requirement of the statute that he file with the clerk an affidavit of no dispute as to such dates (CPLR 5001, subd. [c]). Absent a provision in the verdicts fixing interest dates, absent an order of the court fixing such dates on motion, and absent an affidavit furnished by plaintiff specifying such dates, the clerk of the court was without authority to include in the judgments dates from which interest was calculable. Under the circumstances related, there was nothing of record before the learned Special Term upon which a conclusion could be based as to whether plaintiff had properly computed interest in the judgments. Accordingly, the order under review should be reversed and the motion remanded to the Justice who presided at the trial for the purpose of adjudicating, upon a competent record, the propriety of the interest award in the judgments. Upon such remand the Trial Justice should consider the principles applicable to the recovery of interest in cases of this character. In our opinion, having sued and prevailed in contract, plaintiff was entitled as of right to preverdict interest upon the respective amounts awarded to him in *quantum meruit* by the verdicts of the jury (CPLR 5001, subd. [a]; Practice Commentary [on CPLR 5001], McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3401-5100, p. 525). Even if the issue of interest was not charged to the jury, there was no departure from proper practice, since there is no need to submit to a jury a plaintiff's entitlement to interest in a *quantum meruit* action (*Elliott* v. *Gian,* 19 A D 2d 196, 197). The statute mandates that interest shall be computed from the earliest ascertainable date on which the prevailing party's cause of action existed (CPLR 5001, subd. [b]). The statute further provides that if the jury is discharged without specifying in its verdict the date from which interest is to be computed, the court upon motion shall fix the date, except that, where the date is certain and not in dispute, the date may be fixed by the clerk of the court, upon affidavit (CPLR 5001, subd. [c]). Where, as in the instant case, an attorney plaintiff recovers for his professional services in *quantum meruit,* he is normally entitled to interest from the date of demand for payment (*Neimark* v. *Martin,* 7 A D 2d 934). However, where, as at bar, there is some ambiguity as to whether the plaintiff's demand, if one was made prior to suit, predated the completion of the services, recovery for which is sought in *quantum meruit,* interest should be computed from the date of the completion of the services (*Elliott* v. *Gian,* 19 A D 2d 196, 198–199, *supra*). If the evidence adduced leaves these dates unsettled, the Trial Justice may appropriately award interest from the time of commencement of plaintiff's actions (Legislative Studies and Reports [on CPLR 5001], McKinney's Cons. Laws of

N. Y., Book 7B, CPLR 3401–5100, *op. cit.* p. 527). Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.