■ GOVERN & MCDOWELL, Respondent-Appellant, v MCDOWELL & WALKER, INC., Appellant-Respondent.—Cross appeals from a judgment of the County Court of Delaware County in favor of plaintiff, entered March 13, 1979, upon a decision of the court at a Trial Term, without a jury. On February 24, 1976 the defendant corporation retained plaintiff attorneys on a contingent fee basis to collect accounts owed by various individuals and corporations. Plaintiff was to be compensated in the amount of 25% of all sums collected before judgment and 33⅓% of amounts recovered after judgment. One account was a promissory note in the sum of $3,000 bearing interest at 12% executed by one Alfred Pasciak. An action was commenced on this note in November, 1976. After issue was joined and while a motion by plaintiff for summary judgment was pending, Mr. Pasciak died. Thereafter, deceased's wife, as administratrix of his estate, was substituted as party defendant and summary judgment was granted against her on September 19, 1977. Before the judgment could be executed the defendant corporation in this action demanded and received back from plaintiff all its files except the Pasciak file. However, defendant's new attorneys recovered on the note in full in Surrogate's Court and refused to pay plaintiff for legal services rendered in connection with the Pasciak case. Plaintiff commenced an action in Delaware County Court seeking to recover (1) on their contingent

fee or (2) on *quantum meruit.* The trial court dismissed the cause of action based on the contingent fee on the ground that recovery on that theory could not be had if full performance of the contract was not made. Since plaintiff did not reduce the summary judgment to execution, it cannot collect on a contingent fee basis. However, the trial court found that plaintiff attorneys were discharged without fault and were entitled to recover the reasonable value of their services. This value was determined to be $950. The court also held that defendant's failure to pay plaintiff's legal fee was not in bad faith since it believed that it had discharged its obligation by paying the attorneys that represented it in Surrogate's Court. Thus, relying on CPLR 8101, the court did not award plaintiff costs. The granting or withholding of costs is discretionary with the trial court, and in the absence of a clear abuse thereof, as here, should not be disturbed. However, it is clear that the trial court erred in failing to compute and add interest to the damage award. Plaintiff, having prevailed in the contract action, was entitled to interest as of right upon the amount awarded in *quantum meruit* (CPLR 5001, subd [a]). The statute mandates that interest be computed from the earliest ascertainable date on which the prevailing party's cause of action existed (CPLR 5001, subd [b]), and if that date cannot be ascertained with precision, the computation shall be from the earliest time at which it may be said the cause of action accrued (cf. *Brent v Keesler,* 32 AD2d 804). Judgment modified, on the law, by reversing so much thereof as denied interest on the amount awarded to plaintiff, and matter remitted to the Delaware County Court for computation of interest in accordance with provisions of CPLR 5001, and, as so modified, affirmed, with costs to plaintiff. Mahoney, P. J., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.