ACME PLASTERING CO., INC. *vs.* BOSTON HOUSING AUTHORITY. April 13, 1988. No. 87-55. *Damages,* Breach of contract. *Interest. Practice, Civil,* Appeal. *Appeals Court,* Rehearing, Further appellate review by Supreme Judicial Court.

In *Acme Plastering Co.* v. *Boston Housing Authy.,* 21 Mass. App. Ct. 669 (1986), we upheld a Superior Court judge's determination that Acme had substantially performed a contract for work done at a housing development and that it had attempted in good faith to perform fully. We thus approved the award of damages to Acme on a theory of quantum meruit. However, we also ruled that Acme was not entitled to recover interest under the provisions of G. L. c. 30, § 39K, on a judgment in quantum meruit. Our rescript in that case directed that the amended judgment (which provided for the addition of § 39K interest) be vacated and a new judgment be entered only for the amount of the damages found by the judge.

On appeal in the prior case no question was raised as to Acme's entitlement to prejudgment interest under G. L. c. 231, § 6C,[1] and, therefore, our decision did not deal with that issue.[2] Acme filed a petition for rehearing, see Mass.R.A.P. 27, as amended, 396 Mass. 1218-1219 (1986), in which it sought amendment of our rescript to order the payment of interest under § 6C from the date of the commencement of the action. The petition was denied, as was an application to the Supreme Judicial Court for further appellate review, see G. L. c. 211A, § 11, which raised, among other things, the § 6C prejudgment interest issue. 397 Mass. 1103 (1986).

Thereafter, the civil clerk of the Superior Court issued an execution which included interest under § 6C from the date of the commencement of the action. The Boston Housing Authority (BHA) moved to recall the execution on the sole ground that this court and the Supreme Judicial Court

---

[1] General Laws c. 231, § 6C, as amended by St. 1982, c. 183, § 3, states in pertinent part: "In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum, from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action."

[2] General Laws c. 231, § 6C, "commands a ministerial act" by the clerk of the court. *Sterilite Corp.* v. *Continental Cas. Co.,* 20 Mass. App. Ct. 215, 218 (1985), *S.C.,* 397 Mass. 837, 839 (1986).

had denied Acme's request for § 6C interest by rejecting, respectively, the petition for rehearing and the application for further appellate review. A Superior Court judge denied the motion, stating that the judgment did not include interest under G. L. c. 30, § 39K, but only that allowed under G. L. c. 231, § 6C. In this appeal by BHA, we consider only the grounds presented to the motion judge and not those presented for the first time here. See *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.*, 369 Mass. 562, 565 (1976); *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977); *Amherst Nursing Home, Inc.* v. *Commonwealth*, 398 Mass. 850, 852 (1986); *DeCota* v. *Stoughton*, 23 Mass. App. Ct. 618, 619 n.3 (1987).[3]

This court's denial of Acme's petition for rehearing did not constitute a decision on the merits of Acme's claim of entitlement to interest under G. L. c. 231, § 6C. The grant or denial of a petition for rehearing is a matter of discretion of the panel who decided the appeal. See Mass.R.A.P. 27(*a*); *In re Grand Jury Investigation*, 542 F.2d 166, 173 (3d Cir. 1976), cert. denied, 429 U.S. 1047 (1977). The same is true of the denial of further appellate review by the Supreme Judicial Court. "Such an order merely shows that, after consideration of the applicable statutory standards as set forth in G. L. c. 211A, § 11, we have determined not to grant further review. Only a rescript or rescript and opinion from this court, after further review, should be considered as a statement of our position on the legal issues concerned." *Ford* v. *Flaherty*, 364 Mass. 382, 387-388 (1973).

Accordingly, there was no error in the order denying BHA's motion for recall of the execution on the ground that rejections of a petition for rehearing and an application for further appellate review constituted denials of Acme's request for interest pursuant to G. L. c. 231, § 6C.

> *Order denying motion to recall*
> *execution affirmed.*

*Wilbur E. Commodore* for the defendant.
*Sally A. Corwin* (*Jerrold A. Olanoff* with her) for the plaintiff.

---

[3] BHA submitted a main brief and a reply brief. In addition, seven days prior to oral argument, it filed a "supplemental memorandum of law" in which it introduced a brief argument on the inapplicability of G. L. c. 231, § 6C. The untimeliness of this argument provides a separate basis for our refusal to consider it. See *Commonwealth* v. *Keevan*, 400 Mass. 557, 562 n.4 (1987).

