**BUSHKIN ASSOCIATES, INC. and Merle J. Bushkin, Plaintiffs,**

v.

**RAYTHEON COMPANY, Defendant.**

### Civ. A. No. 81–1101–H.

United States District Court,
D. Massachusetts.

July 19, 1989.

F. Lee Bailey and Kenneth J. Fishman, Law Offices of Bailey & Fishman, Boston, Mass., for plaintiffs.

Edward I. Masterman, Dana Hanson, Neil Tully, Thomas C. Frongillo and Mary E. O'Neal, Masterman, Culbert & Tully, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The issue before the Court is whether prejudgment interest should be awarded under Mass.Gen.L. ch. 231, § 6C on a recovery based upon quantum meruit. On July 12, 1989, a jury returned a verdict for the Defendant Raytheon Company on Plaintiff Merle J. Bushkin and Bushkin Associates' ("Bushkin") breach of contract claims and for Bushkin on his quantum meruit claim.[1] On July 17, 1989, Raytheon filed a Motion to Alter or Amend the Verdict on the grounds that Mass.Gen.L. ch. 231, § 6C,[2] which provides for the calcula-

1. This matter has had a protracted procedural history. Bushkin commenced this suit in the United States District Court for the District of Massachusetts in 1981. In 1983, Raytheon was granted a motion for summary judgment by the district court. *See* 570 F.Supp. 596 (D.Mass. 1983). The United States Court of Appeals overturned that judgment and certified the case to the Massachusetts Supreme Judicial Court for decisions on choice of law and other questions. *See* 393 Mass. 622, 473 N.E.2d 662 (1985). After the decision by the state court, this matter was tried in the district court. In December, 1985, the district court granted a directed verdict for the defendant upon conclusion of the plaintiffs' case. The Court of Appeals overturned the directed verdict and remanded the case to the district court. 815 F.2d 142 (1st Cir.1987). The matter was once again set for trial in July of 1988. On the eve of trial Raytheon learned that

plaintiffs' counsel had conducted telephone interviews with four members of the original venire (two jurors, two alternates) from the trial in which a directed verdict had entered. This Court granted Raytheon's motion to disqualify Bushkin's counsel from further participation in this matter. 121 F.R.D. 5 (D.Mass.1988). Bushkin petitioned for a writ of mandamus seeking to overturn this Court's ruling disqualifying their counsel. The petition was denied. *In re Bushkin*, 864 F.2d 241 (1st Cir.1989). On June 19, 1989, this case was tried in the district court and a jury verdict was entered on July 12, 1989. The case continues with the filing of this Motion to Alter or Amend the Verdict.

2. In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount

tion of interest "[i]n all actions based on contractual obligations," does not apply to a recovery upon a theory of quantum meruit.[3]

A federal court sitting in diversity should apply the forum state's prejudgment interest statute to determine whether interest is recoverable on a verdict. *See Roy v. Star Chopper Co., Inc.*, 584 F.2d 1124, 1135 (1st Cir.1978). The Massachusetts Supreme Judicial Court in *Jenney v. Airtek Corp.*, 402 Mass. 152, 153 n. 2, 521 N.E.2d 388 (1988), and the Massachusetts Appeals Court in *Acme Plastering Co. v. Boston Housing Auth.*, 25 Mass.App. 985, 521 N.E.2d 418 (1988), both recognized, but did not decide, the issue of whether prejudgment interest may be calculated on a quantum meruit recovery because the issue had been raised for the first time on appeal. Although the issue was not briefed or argued before the Superior Court in *Jenney* and *Acme Plastering*, both courts awarded prejudgment interest to the award of damages based upon quantum meruit.

Raytheon relies on an earlier decision in *Acme Plastering Co. v. Boston Housing Auth.*, 21 Mass.App. 669, 674, 490 N.E.2d 445 (1986), in which the court held that Mass.Gen.L. ch. 30, § 39K, which provides for interest on periodic payments by an awarding authority to a contractor under contracts for public housing construction projects, has no application where recovery is based upon quantum meruit. The Court finds any analogy to § 39K unpersuasive. Section 39K provides for interest payments for work done on public buildings in accordance with a particular construction contract and then *only* when the "contractor substantially completes the work." Section 39K applies to situations where public funds must be spent to provide interest for work done on specific public contracts. · It provides when and how periodic payments and interest are to be calculated in exacting

detail. In contrast § 6C applies to "all actions of contract." The legislature made no distinction between contract and quasi-contract and therefore this Court must interpret the legislative intent relevant to this statutory provision.

Admittedly § 6C provides for interest based on "contractual obligations" and the legislature may have intended that prejudgment interest is available only where there has been a breach of contract. Massachusetts cases interpreting § 6C, however, have suggested a more expansive interpretation of the legislative purpose underlying the statute. In *Sterilite Corp. v. Continental Casualty Co.*, 397 Mass. 837, 841, 494 N.E.2d 1008 (1986), the court observed that § 6C was designed " 'to compensate a damaged party for the loss of use or unlawful detention of money.' An award of interest is made 'so that a person wrongfully deprived of the use of money should be made whole for his loss.' " *Id.* (quoting *Perkins School for the Blind v. Rate Setting Comm'n*, 383 Mass. 825, 835, 423 N.E.2d 765 (1981)). In *Trustees of the Boston & Maine Corp. v. Massachusetts Bay Transp. Authy*, 367 Mass. 57, 323 N.E.2d 870 (1975), the court, while addressing the issue of whether interest should be awarded to an amount established by an arbitrator, succinctly stated the reason interest is added to a judgment: "[T]he underlying principle in this area is that a wrongful delay in payment of a sum of money deprives the prospective payee of the use of the money during that period, and that there ought to be compensation for this delay." *Id.* at 65, 423 N.E.2d 765. Finally, the court in *Lexington v. Bedford*, 378 Mass. 562, 393 N.E.2d 321 (1979), ruled that § 6C applied to obligations imposed by statute as well as those derived from a contract. The court based its ruling upon an expansive interpretation of the legisla-

---

of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action.

**3.** Mass.Gen.L. ch. 231, § 6H which provides in part that: "[i]n any action in which damages are awarded but in which interest on said damages is ·not otherwise provided by law," does not apply because Bushkin's action was commenced before § 6H was enacted.

ture's intent in amending § 6C. The court in *Lexington* observed: "[i]t therefore appears that the change in § 6C[4] was intended to reflect this development rather to restrict the availability of the interest remedy." *Id.* at 576, 393 N.E.2d 321.

"Quantum meruit" sounds in "quasi-contract" or in contract implied in law and arises not from the consent of the parties but from principles of natural justice and equity. Interest on a judgment based on an implied in law contract is covered by § 6C relating to contractual causes of action, for it would be contrary to those principles of justice, equity and conscience and the policy undergirding the statute to refuse to compensate a party for the loss of the use of his money for a period of time. Therefore, the Court rules that Mass. Gen.L. ch. 231, § 6C provides for prejudgment interest on an award of damages based on quantum meruit. Judgment shall enter in accordance with this ruling.

SO ORDERED.

See also 695 F.Supp. 1084.

---

**4.** Mass.Gen.L. ch. 231, § 6C was amended in 1973 as part of a comprehensive revision of the General Laws of civil procedure, St.1973 ch. 1114, § 156 that corresponds with the Supreme Judicial Court's adoption of the Massachusetts Rules of Civil Procedure.