OPINION OF THE COURT
Cynthia Kern, J.
The primary issue to be determined on this motion is when interest starts to run on an award of “reasonable costs and at *426 torneys’ fees” pursuant to the statutory provisions of the Rent Stabilization Code. This court has been unable to locate any case which deals with the issue of whether prejudgment interest should be awarded on a claim for statutory attorneys’ fees pursuant to the provisions of the CPLR. For the reasons stated below, this court adheres to its original decision at trial that plaintiffs are not entitled to an award of prejudgment interest on their claim for attorneys’ fees.
This court recently awarded plaintiffs attorneys’ fees after a hearing. The court determined that the plaintiffs were not entitled to prejudgment interest on their award of attorneys’ fees on the ground that their cause of action for reasonable attorneys’ fees did not accrue until the attorney’s work was actually completed. The work was not completed until after the conclusion of the hearing since the award of attorneys’ fees included the work that had been performed throughout the overcharge proceeding, including the time spent on the actual hearing to determine attorneys’ fees.
The plaintiffs argue that this decision was incorrect for a number of reasons. Their primary argument is that the court should have awarded interest from the date that the Civil Court granted them summary judgment on their claim for a rent overcharge and for reasonable attorneys’ fees pursuant to the statute. To support this argument, they rely on a number of cases, the most important one being Love v State of New York (78 NY2d 540 [1991]), which holds that the claimant in a bifurcated personal injury action is entitled to an award of prejudgment interest from the date of the decision establishing liability rather than the date of the decision fixing damages. (See also Gunnarson v State of New York, 70 NY2d 923 [1987]; Pires v Froto Oceanica Brasileira, S.A., 258 AD2d 380 [1st Dept 1999].) The rationale behind these cases is that the plaintiff’s right to be made whole becomes fixed in law when the verdict holding the defendant liable is rendered. (Love, 78 NY2d at 540.) At that point, the obligation of the defendant to pay the plaintiff is established and the only issue that remains is the exact amount that is due to the claimant. (Id.) It is irrelevant that the damages are not yet liquidated in these personal injury actions as the damages have already occurred even if they have not been computed. (Id.)
The plaintiffs argue that the above rationale should apply to the present case — i.e., that they should be granted interest on their attorney’s fee award from the date that the court first held that they were entitled to reasonable attorneys’ fees even *427 though the amount of reasonable attorneys’ fees was not fixed until a much later date. This court finds that the rationale of the foregoing personal injury cases in awarding prejudgment interest from the date that liability is established does not apply in the present case. The distinction between those cases and the present one is that in a personal injury action, the claimant has already incurred the damages from the accident or the occurrence at the time the liability is fixed even though the damages have not yet been liquidated. In this action to recover reasonable attorneys’ fees, it is not simply that the damages had not yet been liquidated at the time that the liability determination was made. The damages, which consisted of the reasonable time spent by the attorney on the overcharge proceeding, had not even been incurred at the time that the liability determination had been made. Most of the attorneys’ fees incurred in this action were for work performed by the attorney after the Civil Court made the determination that the plaintiffs were entitled to summary judgment on their claim for a rent overcharge and attorneys’ fees. If the court were to award prejudgment interest from the date of the Civil Court determination awarding the tenant attorneys’ fees in 1998, the tenants would be getting a substantial amount of interest for work that would not even yet have been performed by the attorney until years later. This would result in a windfall to the plaintiffs, which is not the purpose for which interest is to be awarded. To the contrary, interest “is simply the cost of having the use of another person’s money for a specified period * * * It is intended to indemnify successful plaintiffs ‘for the nonpayment of what is due to them * * *.’ ” (Love, 78 NY2d at 544.)
Plaintiffs argue in the alternative that they are entitled to prejudgment interest pursuant to CPLR 5001. That section provides that in an action to recover based on breach of performance of a contract and in an action to recover for damage to property, interest is computed from the earliest actual date the cause of action existed. Initially, the court finds that this section is not applicable as plaintiffs have not brought an action for breach of contract or damage to property. The claim by plaintiffs for reasonable attorneys’ fees is based on the statutory provisions of the Rent Stabilization Code rather than on any breach of contract. Therefore, the cases relied on by plaintiffs which hold that the tenant is entitled to recover prejudgment interest in an action for reciprocal attorneys’ fees pursuant to section 234 of the Real Property Law are inapposite. (See 119 Fifth Ave. Corp. v Berkhout, 135 Misc 2d *428 773 [Civ Ct, NY County 1987]; Nestor v Britt, 270 AD2d 192 [1st Dept 2000].) Those cases, unlike the present case, involve a claim based on the provisions of the lease.
Even if CPLR 5001 were to apply, the court would still find that plaintiffs are not entitled to prejudgment interest as their claim for attorneys’ fees did not accrue until the services by the attorney were actually completed. (See Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877 [3d Dept 1997].) In Ogletree, the Court was confronted with the issue of when interest should be computed from in an action to recover attorneys’ fees pursuant to a quantum meruit cause of action. The Court held that it was proper to award the attorney prejudgment interest but that the interest should run from the date of plaintiff’s final bill. (Id. at 879-880.) According to the Court, “CPLR 5001 (b) requires that prejudgment interest be computed from the earliest ascertainable date on which the prevailing party’s cause of action existed ‘and if that date cannot be ascertained with precision, the computation shall be from the earliest time at which it may be said the cause of action accrued.’ ” (Id. at 880, citing Govern & McDowell v McDowell & Walker, 75 AD2d 979 [3d Dept 1980].) The Court held that it was inappropriate to calculate interest from any date prior to the date that all of the services were completed because that was the earliest ascertainable date that the cause of action accrued or existed. (Id. at 880.) Although the present case involves a claim for statutory attorneys’ fees, rather than a quantum meruit claim, the same reasoning is applicable. Plaintiffs’ cause of action for attorneys’ fees did not accrue until the services by the attorney were actually completed, which did not occur until after the hearing before me was actually concluded. Therefore, plaintiffs are not entitled to any interest on the claim for attorneys’ fees prior to that time.
The plaintiffs also argue that the failure to award prejudgment interest violates the law of the case because a prior decision awarded plaintiffs interest on their overcharge claim. This argument is without merit. The two causes of action are completely different from each other. The mere fact that plaintiffs are entitled to interest on their overcharge claim does not mean that they are entitled to interest on their claim for attorneys’ fees. Therefore, the prior ruling that the tenants were entitled to interest on their overcharge claim is not the law of the case with respect to the issue of whether the plaintiffs are entitled to prejudgment interest on their claim for attorneys’ fees.
*429 Plaintiffs also request that this court increase the amount of attorneys’ fees awarded to them based on a mathematical error made by their attorney in the computations provided to the court during the hearing. During the course of the hearing the contained a detailed description of the attorney time spent on this matter from inception through October 2002 and the time spent in connection with the interlocutory appeal. The court then requested that the attorney for plaintiffs provide the court with a computation of the total time that the attorney spent on this matter and a computation of the amount of attorney time in dollars spent on this matter. In response to this request, the attorney provided the court with a document which showed that the total amount of attorney time in dollars spent was $73,509. The court then awarded plaintiffs $60,000 in attorneys’ fees. After this court issued its decision, plaintiffs’ attorney discovered that he made a significant error in the figure that he provided to the court for the total amount of attorney time in dollars spent due to an arithmetic mistake. The figure was incorrect because it did not include the $12,180 amount for the 2002 total hours. Based on the foregoing, the court is increasing the amount of attorneys’ fees awarded to petitioner to $70,000. The plaintiffs are correct in their assumption that the court relied on the figure of $73,509 provided by the attorney in determining to award plaintiff $60,000 in attorneys’ fees. Now that the court is aware that this figure was incorrect based on a mathematical error, the court finds that the appropriate amount of attorneys’ fees which should be awarded is $70,000 for all of the reasons previously stated in this court’s decision on the record.