MELVIN R. JENNEY & others[1] *vs.* AIRTEK CORPORATION.

Suffolk. February 4, 1988. — April 12, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Limitations, Statute of. Contract,* Attorney. *Attorney at Law,* Compensation.

An action on an attorney's claim for the previously billed, unpaid amount of a client's account outstanding at the time of the attorney's withdrawal, at his client's request, from a particular case, which the client agreed to pay within forty-five days from the attorney's withdrawal, was properly commenced within six years after the cause of action accrued, in accordance with G. L. c. 260, § 2, where, although the action was not commenced within six years of the attorney's withdrawal, it was commenced within six years of the date (forty-five days after the attorney's withdrawal) by which the client agreed to pay the balance on its account; however, with respect to the attorney's additional claim for services unbilled at the time of his withdrawal, for which no new agreement for payment was made, an action not commenced within six years of his withdrawal was untimely. [154-155]

CIVIL ACTION commenced in the Superior Court Department on June 23, 1980.

The case was heard by *Barbara J. Rouse, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Herman L. Fussell* of Georgia & *Richard Bachman* for the defendant.

*Susan A. Hartnett* for the plaintiff.

WILKINS, J. On June 3, 1974, when, at the defendant Airtek's request, the plaintiff withdrew from a particular case as Airtek's counsel, Airtek agreed to pay the previously billed, unpaid amount of its account, consisting of $15,712.01, within forty-five days. The plaintiff's charges for services and dis-

---

[1] The action was brought by the partners of the law firm of Kenway & Jenney. The defendant was a clilent of Melvin R. Jenney. On September 29, 1980, Melvin R. Jenney died, and on September 23, 1985, the court allowed a motion to substitute Ann Jenney, executrix of the estate of Melvin R. Jenney. We shall refer to the plaintiff firm as the plaintiff.

bursements not billed on or before June 3, 1974, amounted to $6,364.04, for which the plaintiff sent a bill to Airtek on June 21, 1974. Airtek paid neither the unpaid, previously billed charges ($15,712.01) nor the charges billed subsequent to June 3, 1974 ($6,364.04).

This action was commenced on June 23, 1980. The applicable statute of limitations provides that an action of contract must be commenced within six years after the cause of action accrued. G. L. c. 260, § 2 (1986 ed.). This action was commenced within six years of the date (forty-five days after June 3, 1974) by which Airtek agreed to pay the $15,712.01 balance on its account, but it was not commenced within six years of the termination of the plaintiff's services on June 3, 1974. The trial judge ruled that the action was timely as to this claim.

Although the action was not commenced within six years of June 3, 1974, nor within six years of the date of the plaintiff's June 21, 1974, bill for $6,364.04, the judge ruled that Airtek had had a reasonable time after June 21, 1974, to pay that bill, and thus the plaintiff's claim for the $6,364.04 did not accrue unless a reasonable time had passed. She ruled further that a reasonable time to pay that bill was thirty days, or until July 20, 1974, and that the action was also timely as to this claim.

The judge thus rejected Airtek's defense of the statute of limitations as to each claim. Airtek appealed, and we transferred the appeal here. We agree with the judge that the plaintiff's claim for $15,712.01 was not barred by the statute of limitations. The action was not timely, however, as to the claim for $6,364.04. The only substantial issue on appeal concerns the statute of limitations.[2]

---

[2] Although Airtek expresses unhappiness about various findings of fact, and seeks to reargue factual questions in its brief, it does not argue that the judge's findings of fact were clearly erroneous.

Airtek challenges the amount of the fees and contends that the evidence does not support the reasonableness of the plaintiff's charges. We need not consider the reasonableness of the charge of $6,364.04 because it is barred by the statute of limitations. The claim for $15,712.01 is adequately based on a contractual obligation to pay that liquidated amount, and thus the reasonableness of the fee is not an issue. As to the quantum meruit theory of the plaintiff's $15,712.01 claim, which the judge reached but did not have

We turn first to the claim for $15,712.01, the previously billed amount which was unpaid on June 3, 1974, which Airtek promised to pay within forty-five days.[3] Airtek relies on the general rule that an attorney's cause of action for fees accrues no later than when his services terminate. See *Eliot* v. *Lawton,* 7 Allen 274, 276 (1863) (statute of limitations starts to run for attorney's services in handling case when action is terminated); 18 S. Williston, Contracts § 2028, at 813 (3d ed. 1978); Annot., 60 A.L.R.2d 1008, 1010 (1958 and later case service [1984]). That rule has no bearing on this issue because Airtek and the plaintiff made a new, enforceable agreement concerning the payment of outstanding charges that replaced the earlier obligation. See *Devine* v. *Murphy,* 168 Mass. 249, 250 (1897). Airtek broke that new agreement when it failed to pay the plaintiff $15,712.01 on or before July 18, 1974, the forty-fifth day after June 3, 1974. The plaintiff's cause of action for breach of that agreement accrued that day, and this action was commenced within six years of that date.

The plaintiff's claim for $6,364.04, the amount of charges for services and disbursements unbilled on June 3, 1974, stands on a different footing. Because there was no new agreement concerning this claim, the general rule should apply that a cause of action for legal fees accrues when the attorney's services are terminated. We reject the plaintiff's argument that its cause of action accrued only when a reasonable time had passed after it had sent a bill for its services once those services were terminated. Such a rule would inject uncertainty without good reason as to when a cause of action accrued in situations

---

to, we add that the judge was warranted on the evidence in concluding that the amount was reasonable.

In its reply brief, for the first time, Airtek complains that the judge erred in awarding prejudgment interest. The argument was made too late, and we need not consider it. See *Kelley* v. *Rossi,* 395 Mass. 659, 665 n.6 (1985). In any event, an award of interest from the date of the breach, which was established on the evidence as to the $15,712.01 claim, was correct in this case. G. L. c. 231, § 6C (1986 ed.).

[3] Airtek makes no claim that its promise to pay in forty-five days was not supported by consideration. The plaintiff agreed to cooperate with successor counsel and to turn over various files and documents.

such as this. It is implicit in the general rule that a bill for services need not be sent to start the statute of limitations running.

The judgment is vacated, and a new judgment shall be entered awarding the plaintiff $15,712.01 with interest from the date of the breach, July 18, 1974.

*So ordered.*