Kane, J.
This is an appeal from the trial judge’s denial of a motion for reconsideration of summary judgment on a promissory note. On August 9,1989, the trial judge allowed plaintiffs motion for summary judgment against the defendant, Kathleen Koutrouba; and on August 21,1989, the defendant filed a motion for reconsideration. This motion was denied on September 20,1989; and on September 29,1989, defendant filed a request for a report claiming to be aggrieved by the denial of the motion for reconsideration.
Defendant argues that the trial judge erred in allowing plaintiffs motion for summary judgment after reconsidering the same. However, the denial of the second motion does not necessarily suggest that the judge reconsidered his earlier ruling and again made a decision adverse to the defendant The denial may simply indicate the judge’s refusal to reconsider the matter. Peterson v. Hopson, 306 Mass. 597, 602 (1940); Old Colony Bank and Trust Co. of Middlesex County v. Tacey Transport Corp., 10 Mass.App.Ct. 825, 827 (1980). As such, this division must rule on the propriety of the trial judge’s refusal to reconsider his original decision.
“Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or question of fact or law, once decided.” Peterson at 599. See also Old Colony at 827 and Sacco's Three Sons Restaurant v. Prue, 1986 Mass.App.Div. 34, 38. “'... [Indeed] a judge should hesitate to undo his own work.’" King v. Globe Newspaper Co., 400 Mass. 705, 707 (1987), quoting from Peterson at 603. Such discretion will only be disturbed by a showing that new facts and circumstances required reconsideration. Peterson at 599. In the present case, there does not appear to have been a change in circumstances which would require the trial judge to reconsider his allowance of the plaintiffs motion for summary judgment.
According to the report, defendant did not file an affidavit in opposition to plaintiffs motion for summary judgment. She did, however, appear pro se at the hearing and argued that she did not remember executing the promissory note and that, if she did, she did not know what she was signing. (Report, p. 1) Upon the granting of summary judgment, defendant did secure counsel and now filed a motion for reconsideration. Accompanying the motion was defendant’s affidavit in which she denied signing and/or reading the note or ever meeting the person who signed the note as a witness.
The only change in circumstances which occurred since the trial judge’s original *93 decision was the defendant’s pro se status. The appearance of counsel does not represent a “change in circumstances” necessitating reconsideration. Lewandowski v. Borghi, 1989 Mass.App.Div. 80. If the entrance of new counsel represented a circumstance requiring reconsideration, all motions decided while a party was pro se could be automatically resurrected by the procurement of counsel.[2]
Reconsideration also was not required by the filing of the affidavit, as the facts contained in this affidavit “existed ... at the time of the hearing on the previous motion. ” Old Colony at 827. As these facts draw from the defendant, these facts were certainly in existence and uniquely available to the defendant at the time of the initial hearing. Neglect by the defendant to introduce these facts presents no showing of excusable neglect; and, therefore, the judge, in failing to reconsider this matter, acted well within his discretion.
Accordingly, we affirm the trial justice’s denial of reconsideration.

 “A party’s election to proceed pro se does not excuse him from compliance with applicable procedural rules. Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985); Kornatowski v. Family Mut. Sav. Bank, 388 Mass. 1011 (1983) ...‘ [Apro se] party remains under a duty to take legal steps to protect his interests and a simple disregard or neglect of such duty does not ordinarily justify relief from judgment.’” Lewandowski at 81, quoting from Consumers Credit Union v. Florentine, 1979 Mass.App.Div. 447, 449.