Dolan, P.J.
This is a petition to establish a report that alleges error in the denial of a motion to reconsider the court’s previous action in denying a motion to vacate a default judgment. We deny the petition.
Plaintiff brought this action on July 25,1990 to recover for architectural services allegedly rendered by plaintiff to defendants. Defendants, representing themselves, filed an answer. On August 16,1991, the parties were notified that a trial was scheduled for February 21,1992. Defendant failed to appear for trial on February 21,1992, and judgment entered for the plaintiff. Defendants timely filed a motion to vacate the default judgment which was denied on March 6,1992. No appeal was taken from the denial of the motion.
On June 5,1992, defendants filed a motion to reconsider the denial of the motion to vacate the judgment. From the denial of this motion to reconsider, defendants filed a timely notice of appeal and a draft report. The report was disallowed and defendants filed a timely petition to establish their draft report. We deny the petition for the reason that the draft report attempts to obtain review of the original denial of the motion to vacate the default judgment, rather than review of the denial of the motion for reconsideration.
The denial of a motion to reconsider does not necessarily mean that the judge reconsidered his earlier ruling and again made a decision adverse to the defendant. The denial may simply indicate the judge’s refusal to reconsider the matter. Household Finance Corporation v. Kouktrouba, 1990 Mass. App. Div. 92. “Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or question of factor law, once decided.” Peterson v. Hopson, 306 Mass. 597, 599 (1940). The discretion of the trial judge to reconsider “will only be disturbed by a showing that new facts and circumstances required reconsideration.” Household Finance Corporation, at 92. The proposed draft report discloses no facts that were not available to the defendants at the time of their motion to vacate the default judgment.
Even if defendants were not precluded from now appealing from the motion to vacate the default judgment because of their failure to perfect a timely appeal, there would be no error. Defendants were aware of the trial date for six months. Two days before the scheduled trial date, plaintiffs attorney asked defendant Kestutis J. Makaitis if he would be in court on the scheduled trial date. He said, “I will be there.” Instead, he sent a friend to court to seek a continuance in order to have additional time for discovery.
One of the factors for the court to consider in ruling on a Dist./Mun. Cts. R. Civ. R, *53 Rule 60(b) motion is whether the neglect was a course consciously chosen by the defaulted party. Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979).
In this case, defendants deliberately decided not to appear for trial. The judge committed no abuse of discretion in denying the motion.
Petition denied.