Williams, J.
The plaintiff Helen M. Druan (“Druan”), filed this action against the defendant Stop & Shop Supermarket Co. (“Stop & Shop”), seeking recovery for injuries sustained when she opened a freezer and was struck hy falling cartons of ice cream and yogurt Stop & Shop’s motion for summary judgment was allowed. The issue we decide is whether the District Court properly entered summary judgment We find that it did, and affirm the judgment entered for Stop & Shop.
Summary judgment is appropriate when there is no genuine issue of material fact and the moving parly is entitled to judgment as matter of law. Mass. R. Civ. P., Rule 56(c); see, e.g., Bergendahl v. Massachusetts Elec. Co., 45 Mass. App. Ct. 715, 718-19 (1998) and cases cited; see also, e.g., Nagel v. Provident Mut. Life Ins. Co. of Philadelphia, 51 Mass. App. Ct. 763, 768 (2001). The moving party hears the burden of making that double-barreled showing, and must demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to he forthcoming at trial.” Bergendahl, 45 Mass. App. Ct. at 718, citing Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991) and Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the opposing party must demonstrate specific facts that would confirm the existence of a genuine issue of material feet in order to defeat the motion. Mere assertions of the existence of disputed facts without evidentiary support are insufficient to defeat the motion. Bergendahl, 45 Mass. App. Ct. at 718-19.
On 12 June 1998 at Stop & Shop’s store in Abington, Druan opened the glass door to a tall freezer in order to choose some frozen yogurt Druan could see inside the case through the door. No store employees were in the immediate area. When she opened the door, some seven or eight half-gallon cartons of ice cream and yogurt fell from an eye-level shelf in the freezer, and at least one of them struck her in the face and her shoulder, injuring her.
There is no evidence as to when the shelves were stocked with the cartons, or when anyone had last opened the freezer door. Nor is there evidence that, for instance, the cartons were stacked too high or otherwise improperly, and, indeed, there is no specific showing as to how the offending cartons came off an eye-level shelf so as to strike Druan in the manner described. Druan argued, however, that Stop & Shop was negligent because although it conducted freezer checks three times a night, it neglected to inspect the freezer aisle at various times during its business hours, when products are most likely to be “disturbed” hy customer activity, and specifically that it failed to assign an employee to monitor the position of products in the freezers during those busier hours.[1]
In order for liability for negligence to attach to a defendant, a plaintiff must demonstrate that the defendant owes the plaintiff a legal duty, and that it breached that duty, proximately resulting in injury. E.g., Cottam v. CVS Pharmacy, 436 Mass. 316, 320 (2002) and cases cited. A possessor of premises owes a common-law duty of reasonable care to those lawfully on its premises. Davis v. Westwood Group, 420 Mass. 739, 742 (1995). More specifically, “[o]ne who controls business premises has an obligation ‘to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which *208 the defendant knows or ought to know.’” Thurlow v. Shaw’s Supermarkets, Inc., 49 Mass. App. Ct. 175, 176 (2000), quoting in part Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973). Deciding whether a defendant owes such a duty to a plaintiff in given circumstances — that is, the parameters of the defendants duty given the facts — is a question of law for the court, to be determined by reference to “’existing social values and customs as well as... appropriate social policy.’” Cottam, 436 Mass. at 320, quoting Davis, 420 Mass. at 743.
Here, confronted with Stop & Shop’s motion asserting that there was no evidence that Stop & Shop had improperly positioned the cartons, had known the cartons were hazardously placed, or that sufficient time had elapsed since the creation of that condition and the mishap that befell Druan, Druan was obliged to counter that showing with specific facts, or countervailing law, to deprive Stop & Shop of the judgment Druan, however, offered the argument that Stop & Shop should have had in place an inspection system that would have revealed the condition of the cartons — whatever it was. That suggestion, without evidentiary support, is insufficient to defeat the motion. See, e.g., Bergendahl, 45 Mass. App. Ct. at 718-19. Such an unsubstantiated averment constituted a “’mere assertion [] of disputed facts,’... invited a decision by the trier of fact resting on speculation, and did not represent a basis on which ‘a fair minded jury could return a verdict for the plaintiff.’” Benson v. Massachusetts Gen. Hosp., 49 Mass. App. Ct. 530, 532 (2000) (citations omitted). Druan presented no evidence from which a fact finder could infer that such an inspection system was an industry standard, was a Stop & Shop procedure, or was otherwise reasonable, so as to create such a duty of inspection on the part of Stop & Shop. See, e.g., Gilhooley v. Star Market Co., 400 Mass. 205, 208 (1987). Even if this store had had such an inspection program — to examine the cartons, say, every three hours — Druan, not surprisingly, presented no evidence as to how long the condition, whatever it was, existed before her accident so as to afford Stop & Shop the opportunity to discover and correct it.[2] See, e.g., Thurlow, 49 Mass. App. Ct. at 176, and cases cited. Evidence only that merchandise in a self-service store fell from a shelf is insufficient to establish negligence. Santos v. K-Mart Stores, Inc., 1996 Mass. App. Dec. 37; see also Charles v. American Stores Co., 1995 Mass. App. Div. 83.
In short, Druan was obliged to establish specific facts to demonstrate that Stop & Shop had a duty to do something that it failed to do as to her. Druan did not make that showing. Stop and Shop sustained its burden of establishing that Druan “has no reasonable expectation of proving an essential element of [her] case.” Cuddyer v. Stop & Stop Supermarket Co., 434 Mass. 521, 536-31 (2001), quoting O'Sullivan, 431 Mass. at 203, quoting in turn Kourouvacilis, 410 Mass. at 716.
Accordingly, we affirm the trial judge’s allowance of Stop & Shop’s motion for summary judgment
So ordered.

 Stop & Shop’s nocturnal checks involved a night crew chief reading a thermometer to determine that each case was properly refrigerated in order that frozen products remain that way.

 Druan’s brief argues that Stop & Shop “has written policies designed to “basically prevent any type of accident that could possibly happen’” and suggests that Stop & Shop thereby somehow heightened its duty of care to patrons. This Court was unable to find that quoted statement at the appendix page cited, or elsewhere in the Appendix. Certainly a defendanf s written policy could help define its duty of care in a given circumstance. But even if a Stop & Shop employee so characterized the sweep of Stop & Shop’s written policies — none of which were in evidence before the trial judge — the occupier of premises is not a guarantor of the safety of persons lawfully there, e.g., Luisi v. Foodmaster Supermarkets, Inc., 50 Mass. App. Ct. 575, 577 (2000), and such a characterization would not change that