Wright, J.
This is an action for breach of contract to recover unpaid attorney’s fees. The defendants’ Mass. R. Civ. E, Rule 12(b) (6), motion to dismiss the action on the basis of the statute of limitations was allowed, and the plaintiffs filed this Dist/Mun. Cts. R. A. D. A., Rule 8C, appeal.
The record indicates that in 1995, plaintiff Roberta Golden, Esq. (“Golden”) provided legal services as general counsel to defendant New England Horsemen’s Benevolent and Protective Association, Inc. (“NEHBPA”). On April 1, 1995, Golden attended a NEHBPA Board of Directors’ meeting during which the Board voted to dismiss Golden as legal counsel as of that date and to pay her through April 25, 1995. On April 21, 1995, NEHBPA issued a check to Golden in the amount of $1,150.00 which bore the notation, “Balance in full. All legal fees including legal fees 3/25/95-4/25/95.” Golden drew a line through that condition and cashed the check on April 26, 1995. Golden subsequently forwarded to NEHBPA what was labeled a “Final Bill,” dated July 13,1995, for unpaid legal services totaling $14,325.00 which were allegedly provided through April 25,1995.
On June 13, 2001, Golden commenced this action for breach of contract to recover $14,325.00 in alleged unpaid attorney’s fees. The July 13,1995 bill, itemizing services purportedly performed up to April 25,1995, was attached to the veri *108 fied complaint. The complaint itself alleged little more than that Golden had performed legal services for NEHBPA “on belief and reliance” that she was to be paid $200.00 per hour for such services, that NEHBPA owed her $14,325.00 as of July 13,1995, and that she had made unsuccessful demands for payment.
NEHBPA thereafter filed a Rule 12(b) (6) motion to dismiss on the ground that Golden’s action was barred by the six year statute of limitations for contract actions set forth in G.L.c. 260, §2. Golden responded with a sworn written opposition in which she reiterated that NEHBPA owed her $14,325.00 as of July 13,1995, and claimed that she had been “lead to believe” up until October 26,1995 that her bill would be paid. Golden also filed an amended complaint and jury demand to which was attached a new bill. Although it was dated July 1,1995, the bill listed for the first time, fees for services allegedly performed between May 2, 1995 and October 26,1995, for a new total of $15,150.00. The itemized services for the post-April 25th period consisted entirely of Golden’s telephone conversations with two members of NEHBPA’s board of directors regarding payment of her fees.
At the hearing on NEHBPA’s dismissal motion, the defendants introduced the minutes of NEHBPA’s board of directors’ meetings on April 1, 1995 and May 1, 1995 as well as the April 21,1995 check to Golden. These documents were introduced without objection by Golden. The court allowed NEHBPA’s motion and denied Golden’s “cross-motion to amend complaint.”
1. When a Rule 12(b) (6) motion is decided, if “matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.” Mass. R. Civ. R, Rule 12(b). See White v. Peabody Constr. Co., 386 Mass. 121, 126-128 (1982); Martinez v. Harvey, 1992 Mass. App. Div. 79, 80. As noted, the court permitted additional materials essential to NEHBPA’s statute of limitations argument to be introduced by NEHBPA at the motion hearing. Golden clearly stated that she had no objection to the introduction of the documents. Moreover, the principal thrust of Golden’s argument at the hearing on NEHBPA’s motion was that there existed issues of material fact on the limitations question which required a trial on the merits. Such an argument is properly advanced in opposition to a motion for summary judgment rather than one for a Rule 12(b) (6) dismissal. Therefore, we treat the trial court’s ruling on NEHBPA’s motion to dismiss as the allowance of summary judgment in favor of the defendants. See Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983); Watros v. Greater Lynn Mental Health & Retard. Assn., 37 Mass. App, Ct. 657, 663 (1994).
2. Viewing the parties’ materials in the light most favorable to Golden, Bobick v. United States Fid. & Guar. Ins. Co., 57 Mass. App. Ct. 1, 4 (2003), we conclude that judgment was properly entered in favor of the defendants because this action was barred by the statute of limitations, G.L.c. 260, §2.
As set forth in Jenney v. Airtek Corp., 402 Mass. 152 (1988), the general rule is that “a cause of action for legal fees accrues when the attorney’s services are terminated.” Id., at 154. As the minutes of NEHBPA’s directors’ meeting establish, Golden was dismissed as legal counsel on April 1,1995, with payment to be made for services rendered through April 25,1995. NEHBPA’s April 21,1995 check was expressly issued to Golden as final payment for her legal services through April 25,1995. The April 25th termination date is further reflected on the July 13,1995 bill Golden submitted to NEHBPA which sought payment for services through April 25,1995 only.[3] Thus, Golden’s cause of action accrued on April 25,1995 and the six year limitations period governing the action expired on April 24, 2001. Golden did not file her complaint until June 13,2001, almost six weeks later.
*109 Golden’s argument that her cause of action did not accrue until she sent her July 13, 1995 bill to NEHBA as a demand for payment was expressly rejected in Jenney v. Airtek Corp., supra. The Court stated:
We reject the plaintiff’s argument that its cause of action accrued only when a reasonable time had passed after it had sent a bill for its services once those services were terminated. Such a rule would inject uncertainty without good reason as to when a cause of action accrued in situations such as this. It is implicit in the general rule that a bill for services’ need not be sent to start the statute of limitations running.
Id., at 154-155.
Finally, Golden has failed to bring this case within the exception to the general rule set forth in Jenney that an attorney’s cause of action for fees does not accrue on the date her services are terminated if the parties “ma[k]e a new, enforceable agreement concerning the payment of outstanding charges that replace [s] the earlier obligation.” Id., at 154. While Golden alleged in oral argument before the trial court and on this appeal that two members of NEHBA’s Board of Directors made numerous “promises” at undisclosed times that she would be paid for her services, there is nothing in the record which even suggests, much less demonstrates, that either or both of these individual Directors entered into an “enforceable agreement” with Golden, or that any number of Directors short of the full Board of Directors had any authority to undertake such an agreement. Golden’s written motion opposition simply alleges that she was “lead to believe” up until October 26,1995 that she would be paid. This general, unsubstantiated assertion was insufficient to satisfy Golden’s burden to advance “competent evidence of specific facts,” Khudisman v. CNA Ins. Co., 2000 Mass. App. Div. 217, 219, sufficient to demonstrate a genuine issue of fact as to any post-April 25,1995 agreement with NEHBA for payment of additional legal fees. “Mere assertions of the existence of disputed facts without evidentiary support are insufficient to defeat”’ a summary judgment motion. Druan v. Stop & Shop Supermarket Co., 2002 Mass. App. Div. 206, 207. See also Correllas v. Viveiros, 410 Mass. 314, 317 (1991); Cookson Group PLC v. Flynn, 52 Mass. App. Ct. 909, 911 (2001).
2. Golden’s remaining argument is that NEHBA should be equitably estopped from asserting the statute of limitations as a defense to this action because alleged promises of payment made by individual NEHBA directors in 1995 somehow lulled Golden into believing for the next five and one-half years that it was unnecessary for her to commence suit at any time before the limitations period expired in 2001. In addition to being patently devoid of merit, Golden’s argument was never presented in the trial court and could not be properly raised for the first time on this appeal. Fidelity Management & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 200 (1996); Taveras v. Rodriquez, 2000 Mass. App. Div. 39, 41. We will not consider it.
Judgment for the defendants is affirmed. Appeal dismissed.
So ordered.

 The July 1,1995 bill attached to Golden's proposed amended complaint, which listed legal services through October 26,1995, was never sent to NEHBA. It was prepared after, and apparently in response to, NEHBA1 s motion to dismiss.