Brant, J.
Plaintiff Ronald C. Yining (“Yining”) was hired by the defendant, Massachusetts Bay Transportation Authority (the “MBTA”), in 1995. On February 27, 1998, Vining was promoted to the position of Deputy Director of Legislative Affairs at the MBTA with a raise in salary to $43,000.00. Three years later, in March, 2001, Vining brought this action against the MBTA alleging that shortly after his promotion, Peter Puccia (“Puccia”), then Deputy General Manager of the MBTA, had promised him an additional salary increase to $50,000.00 which the MBTA never paid. Vining also alleged that after he demanded the additional salary, his position was eliminated and he was discharged.
The MBTA’s answer admitted that it had promoted Vining to the $43,000.00 Deputy Director position, but denied that any person at the MBTA had promised Vining a salary of $50,000.00. The MBTA further alleged that Vining’s employment termination was justified based on his failure to demonstrate the necessary professionalism and work performance required for his position.
After completing discovery, the MBTA moved for summary judgment. The motion was denied after hearing. The case later came before a second judge for a jury trial. After meeting with the attorneys for both parties, the judge announced that he would rehear the summary judgment motion. After argument, the second judge allowed the MBTA’s motion, and Vining filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal.
1. Vining’s initial argument that the second judge lacked the authority to rehear the summary judgment motion is without merit. While it is clear that the judge was not required to rehear the motion, nothing prevented him from doing so. Household Finance Corp. v. Koutrouba, 1990 Mass. App. Div. 92.
[Tjhe trial judge had the authority to reconsider the motion for summary judgment sua sponte. Although a judge should not lightly undo the work of another judge ... the power to reconsider an issue *122 remains in the court until final judgment. ... The denial of a motion for summary judgment is not a final judgment or decree and thus the trial judge was -within his authority to reconsider and alter the prior decision.
Riley v. Presnell, 409 Mass. 239, 242 (1991). “Even if the two motions addressed the same issue, until final judgment, a judge may entertain a motion on which another judge has previously ruled.” Barron v. Fidelity Magellan Fund, 57 Mass. App. Ct. 507, 519 (2003). The authority to reconsider permitted the judge to decide on his own initiative to rehear the motion for summary judgment on the day of trial. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 401 (2003); Doering Equip. Co. v. John Deere Co., 61 Mass. App. Ct. 850, 854 (2004).
2. Turning to the merits of the court’s Mass. R. Civ. P., Rule 56, ruling, we view the evidence in the light most favorable to Vining in determining whether the MBTA established the absence of any genuine issue of material fact and its entitlement to judgment in its favor as a matter of law. M.P.M. Builders, LLC v. Dwyer, 442 Mass. 87, 89 (2004). The MBTA’s burden, as the moving party, was satisfied if it demonstrated “by reference to materials described in Mass. R. Civ. P., Rule 56(c), unmet by countervailing materials,” that Vining had “no reasonable expectation” of proving an essential element of his claims. Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The MBTA failed to meet its Rule 56 burden on Vining’s claim for breach of contract. The MBTA is a “body politic and corporate” operating as a public authority relatively independent of state government. G.L.c. 161A, §2; Lavecchia v. Massachusetts Bay Transp. Auth., 441 Mass. 240, 243-244 (2004); Maynard v. Massachusetts Bay Transp. Auth., 391 Mass. 654, 655 (1984); Clifton v. Massachusetts Bay Transp. Auth., 62 Mass. App. Ct. 164, 178 (2004). The authority to make decisions at the MBTA is vested by statute in the board of directors and the chairman, who is appointed by that board. G.L.c. 161A, §3; Appley v. Locke, 396 Mass. 540, 541 (1986). The MBTA argues that Vining cannot prevail on his breach of contract claim because he cannot prove that the MBTA board of directors, or an authorized agent, offered the salary he claims to be owed.
Vining argues, however, that the MBTA did not raise an issue of lack of authority by way of affirmative defense in its answer. “Rule 8(c) of the Massachusetts Rules of Civil Procedure ... states that parties must plead their affirmative defenses in their answer. ... [Gjenerally, a failure to plead an affirmative defense results in a waiver and exclusion of the defense from the case.” Demoulas v. Demoulas, 428 Mass. 555, 575 n.16 (1998). Of greater significance is Vining’s contention that the pleadings disclose disputed facts necessitating a trial on the issue of the apparent authority of Puccia or other named MBTA employees to have made the offer of a higher salary to him.
Apparent or ostensible authority ‘results from conduct by the principal which causes a third person reasonably to believe that a *123 particular person has authority to enter into negotiations or to make representations as his agent.’ If a third person goes on to change his position in reliance on this reasonable belief, the principal is estopped from denying that the agency is authorized.
Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, 16 (1997), quoting Hudson v. Massachusetts Prop. Ins. Underwriting Assn., 386 Mass. 450, 457 (1982).
In support of its motion for summary judgment, the MBTA offered only its own “Statement of Uncontested Material Facts.” While such a statement is appropriate in the Federal Courts,[1] Massachusetts Rule of Civil Procedure 56 neither contemplates the filing of such a statement, nor requires a response by the opposing party. Rule 56(b) instead calls for the submission of pleadings, depositions, answers to interrogatories, admissions or affidavits. Vin-ing filed a response challenging some, but not all, of the facts set forth in the MBTA’s statement; he did not expressly contest the MBTA’s assertion that no employee was authorized to offer Vining the raise he now claims. However, given the nature of the filings by both parties, it would be inappropriate to deem Vining’s omission the equivalent of an admission. Given the existence of triable issues of fact, the MBTA’s summary judgment motion on Vin-ing’s breach of contract claim should have been denied.
3. There was no error, however, in the allowance of summary judgment for the MBTA on Vining’s claims for wrongful termination and breach of good faith and fair dealing. It is undisputed that Vining was an at-will employee. As such, he was subject to discharge at any time and for any reason. Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8, 9 (1988). Further, the MBTA advanced evidence that Vining’s employment was terminated because his position was eliminated. To defeat summary judgment, it was incumbent upon Vining to advance specific facts in support of his allegation that his discharge was in retaliation for his claiming an additional salary increase, or was somehow in violation of public policy. See Siles v. Travenol Laboratories, Inc., 13 Mass. App. Ct. 354, 358 (1982). Vining failed to do so.
4. Finally, summary judgment was properly entered on Vining’s claim for intentional infliction of emotional distress. Vining’s recovery on that claim required proof that (1) the MBTA intended to inflict emotional distress, or it knew or should have known that such distress was the likely result of its actions; (2) its conduct was “extreme and outrageous ... beyond all possible bounds of decency and was utterly intolerable in a civilized society;” (3) the MBTA’s conduct was the cause of Vining’s distress; and (4) the emotional distress was severe and “of a *124 nature that no reasonable person could be expected to endure it.” Vittands v. Sudduth, 49 Mass. App. Ct. 401, 410 (2000). More than mere “bad manners and hurt feelings” are required for an actionable claim. Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976). Vining’s claim fails for several reasons. First, he failed to allege any physical or emotional distress resulting from his failure to be paid what he alleged he was owed or from his discharge from the MBTA. More importantly, the conduct of which Vining complains did not rise to the extreme or unbearable levels necessary to be actionable.
Summary judgment for the MBTA is reversed on Vining’s breach of contract claim, and is affirmed on all other counts.
So ordered.

 The Local Rules of the Federal District Court of Massachusetts require the filing of a Statement of Uncontested Material Facts, with appropriate references to pleadings, depositions or other documents supporting the allowance of summary judgment; and a response from the opposing party, which “shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried....” U.S. Dist. Ct. D. Mass. Local rule 56.1 (2005). Any facts in the moving party’s statement of uncontested material facts “will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement to be served by opposing parties.” Id.