Brant, J.
This is an action by a law firm to collect an outstanding legal fee from a former client. After a jury-waived trial, the judge ordered the entry of judgment for the defendant on the ground that the action was time barred by the applicable statute of limitations.[1] The law firm appealed.
On April 5,1995, John Donohue (“Donohue”), a resident of Lexington, signed a domestic relations client-fee agreement with a law firm then known as Ledoux, Whipple & King, P.C.[2] of Salem. Donohue was to be represented by attorney Celeste R. Niarchos, a partner at the firm, and attorneys Susan Lillis and Ian W. Moores, associates at the firm, in a divorce action brought by his estranged wife in the Essex Probate and Family Court. The fee agreement provided for a nonrefundable retainer of $5,000.00, which Donohue paid at the time the agreement was signed, with periodic billing to commence when time charges exceeded the amount of the initial retainer. The agreement also stated: ‘The Client agrees that the final bill submitted by the attorney for legal fees and costs will be due and payable at the conclusion of the matter, or at the termination of the Attorney/Client relationship.”
After the retainer agreement was signed, Attorney Lillis began her representation of Donohue in the divorce matter. She maintained records of the time she devoted to Donohue’s case. In October, 1995, Lillis informed Donohue that the initial retainer was about to be exhausted and that the firm needed a second retainer of $1,500.00 as a deposit toward the total bill, which would be substantially higher. After some discussion, Donohue paid the second retainer.
The divorce case proceeded through an extensive discovery phase lasting several months. The law firm continued to send monthly bills to Donohue that sought additional payments after his second retainer had been exhausted. Donohue did not pay anything after his $1,500.00 payment.
On June 21,2006, Donohue and his wife executed a detailed divorce agreement that had been negotiated by their attorneys. One provision dealing with insurance stated that any notice about health insurance relating to Donohue should be sent to him through his attorneys at Whipple & King, P.C.
On July 9,1996, Attorney Lillis sent Donohue a copy of the Judgment,of Divorce Nisi issued by the Essex Probate and Family Court in his case. In that letter, Lillis *172 noted that Donohue owed a substantial balance to the firm and asked him to pay at least $500.00 per month toward the arrearage. Donohue did not respond. On September 5,1996, Attorney Lillis again wrote to Donohue about the sale of the marital home as a result of the divorce decree. She again asked for monthly payments of $500.00 on Donohue’s outstanding bill. Again, Donohue did not respond.
Lillis continued to do follow-up work on the divorce through October, 1996. In November, 1996, Donohue paid $50.00 of his bill, which by then totaled more than $12,000.00.
The law firm continued to send bills to Donohue until February 4,2000, adding interest to the existing balance. None of the bills after November, 1996, reflected any additional work on Donohue’s behalf. Donohue did not respond to any of the bills and did not make any additional payments.
From April, 1996, to January, 1998, Donohue worked in Indiana. He maintained his residence in Massachusetts, however, spending the work week in Indiana and returning to Massachusetts on Fridays.
In August, 1998, Donohue was served with a complaint for contempt brought by his former wife. He elected to proceed pro se, and did not contact Whipple & Eng, P.C. about the contempt action.
Whipple & Eng, P.C. commenced this action against Donohue in the Salem District Court[3] on December 17, 2003, alleging that Donohue owed the law firm legal fees in the amount of $17,828.85, which included the fees due in November, 1996, plus additional interest added thereafter as provided in the fee agreement. Paragraph 4 of the complaint alleged that the plaintiff-law firm’s representation of Donohue had occurred “through and until 1996 when representation in the domestic matter ended.” Donohue answered and raised the defense of the statute of limitations.
At trial, Whipple & Eng’s new attorney attempted to file an amended complaint to allege that representation had continued beyond 1996. Donohue objected. The judge took no action on the motion, and the case proceeded to trial. No ruling on the motion to amend the complaint was ever made.
After trial, the judge issued a written decision in which he concluded that Whipple & Eng’s cause of action accrued no later than November 1,1996, and that the filing of the complaint on December 17, 2003, was beyond the six-year statute of limitations for contract actions. G.L.c. 260, §2. He found that Donohue had not tolled the statute by living out of state; and that Whipple & Eng’s representation had not been continuous even though the law firm had never sent Donohue a final bill for its services and Donohue had never communicated an intent to terminate Whipple & Eng’s representation of him.
The trial judge’s decision is correct. The law is clear that in a suit for legal fees, “an attorney’s cause of action for fees accrues no later than when his services terminate.” Jenney v. Airtek Corp., 402 Mass. 152, 154 (1988). Termination of legal services means file end of the action for which the attorney was retained. Eliot v. Lawton, 7 Allen (89 Mass.) 274, 276 (1863). Termination occurs when the legal services are concluded, not when a final bill is sent. Golden v. New England Horsemen’s Benevolent & Protective Ass’n, 2003 Mass. App. Div. 107, 109. “It is implicit in the general rule that a bill for services need not be sent to start the statute of limitations running.” Jenney, supra at 155.
Further, Donohue was under no obligation to inform Whipple & Eng, P.C. that he no longer wanted to use their services. When active work on the divorce matter ended, the representation ended unless Donohue elected to retain Whipple & *173 King, P.C. for other work. See Eliot, supra at 276; Jenney, supra at 154. There is no indication that he did so. Rather, Whipple & King’s efforts to negotiate a payment plan for the legal fees owed merely constituted efforts to collect unpaid fees due for services already performed in the divorce action. No new contract for legal services was created.
The evidence in this case clearly supports the trial judge’s determination that Donohue hired Whipple & King to represent him in his divorce proceeding and that the representation ended when matters directly related to the divorce were concluded in October, 1996. Whipple & King’s own bills sent to Donohue show no additional work performed after that time. The provision in the divorce agreement that possible health insurance notices would be sent to Whipple & King, P.C. did not establish an ongoing attorney-client relationship.
Further, Whipple & King’s own complaint states that its representation of Dono-hue ended by the end of 1996, more than six years before the complaint was filed.[4] Section 87 of G.L.c. 231 provides that “ [i]n any civil action pleadings shall not be evidence in the trial, but the allegations therein shall bind the parly making them.” Since the complaint was not amended, Whipple & King, EC. is bound by its acknowledgment in the complaint that this action was not filed within six years, the limitations period prescribed by G.L.c. 260, §2. Silverman v. Steinberg, 324 Mass. 379, 381 n.1a (1949); Boston Police Patrolmen’s Ass’n v. City of Boston, 60 Mass. App. Ct. 672, 675 (2004). Statements in a complaint can defeat a cause of action. Metropolitan Prop. & Cas. Ins. Co. v. Morel, 60 Mass. App. Ct. 379, 382 n.6 (2004).[5]
Whipple & King’s only hope of preserving this action was to prove that Donohue did not live in Massachusetts continuously for six years and, thus, that the statute of limitations was tolled while he “reside [d] out of the Commonwealth.” *174 G.L.c. 260, §9. Residence outside of the Commonwealth under §9 would have required evidence that Donohue’s employment in Indiana amounted to a change in his legal domicile. Nichols v. Vaughan, 217 Mass. 548, 550 (1914). A person is considered to be a resident of Massachusetts if he is subject to service of process in the [C]ommonwealth. Wilcox v. Riverside Park Enters., Inc., 399 Mass. 533, 534, n.3 (1987). Although Donohue spent considerable time working in Indiana, he always maintained his Massachusetts residence and was, in fact, served with his ex-wife’s complaint for contempt there. The trial judge correctly concluded that the statute of limitations continued to run without interruption.
Judgment affirmed. Appeal dismissed.
So ordered.

A motion for summary judgment that raised the issue of the statute of limitations had previously been denied by a different judge.

 During the period of time at issue in this lawsuit, the firm’s name changed from Ledoux, Whipple & King, P.C. to Whipple & King, P.C., and later to Whipple, King & Christensen, P.C. According to the caption of the case, the firm is now known as King & Gibney. Since the plaintiff brought suit in the name of Whipple & King, P.C., we use that name throughout this opinion.

 The caption of the case erroneously states that it was filed in the Cambridge District Court. The docket number assigned by the court indicates that it was filed in Salem, and the trial occurred there.

 The judge’s failure to act on the motion to amend the complaint amounted to a denial of the motion. A Mass. R. Civ. R, Rule 15(a) motion to amend a pleading, brought after the filing of a responsive pleading, is addressed to the discretion of the judge, but “leave [to amend] shall be freely given when justice so requires.” Id. A judge should allow the motion to amend unless the other party would suffer substantial prejudice. Doe v. Senechal, 66 Mass. App. Ct. 68, 77 (2006). Here, where the motion to amend was not brought until the day of trial, the judge had grounds for denying it. Further, Whipple & King never raised the matter again after the trial commenced. At the conclusion of trial, Whipple & King could have moved to amend the pleadings to conform to the evidence, Mass. R. Civ. P., Rule 15 (b), but it did not do that either.
In fact, the issue of complaint amendment is immaterial because the judge found, after hearing all of the evidence, that Whipple & King, P.C. had concluded their representation by November 1, 1996, and did not bring suit until December 17, 2003. Thus, although G.L.c. 231, §87 would have provided a means for resolving the case before trial, it did not serve as a basis for the judgment in favor of Donahue.

 Since the complaint acknowledged that it had not been filed within the six-year statute of limitations, the case should have been resolved on a Mass. R. Civ. P., Rule 12(b) (6) motion to dismiss, a Mass. R. Civ. P., Rule 12(c) motion for judgment on the pleadings, or at least a Mass. R. Civ. P., Rule 56 motion for summary judgment. Even though another judge had denied an earlier summary judgment motion, the trial judge could have revisited that issue on the day of trial. Vining v. Massachusetts Bay Transp. Auth., 2005 Mass. App. Div. 121, 122. Any of these procedures would have prevented an unnecessary trial in this case. The extensive testimony taken at the jury-waived trial added nothing to the analysis of whether work on the divorce ended with the sale of the marital home, particularly when the complaint admitted as much.